IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS OSTROWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-423 |
| | ) | |
| LAKE COUNTY, INDIANA, and the | ) | |
| LAKE COUNTY SHERIFF, in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**Introductory Statement**

1.    Thomas Ostrowski was employed by the Lake County Sheriff for several years, until he

became completely and permanently disabled as a result of a line-of-duty incident.  Since

his forced retirement in 2003, he has therefore received payments in accordance with the

pension plan established by the Lake County Sheriff.  However, he has not and does not

receive any cost-of-living increase in the monthly payments that he receives.  This is

because the Lake County Council—the legislative body of Lake County, Indiana—has

authorized cost-of-living increases for non-disabled retirees and for surviving spouses but

it has not authorized similar increases for disabled retirees.  Put another way: had Mr.

Ostrowski retired from his employment with the Lake County Sheriff to accept

employment elsewhere, he would receive annual cost-of-living increases in his pension

payment once he reached retirement age; because he was forced to retire as a result of his

disability, he does not.  There is no rational basis for this disparate treatment, and the refusal

to provide him with any cost-of-living increase in his pension payments violates the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution. It also represents disability-based discrimination in violation of Title I of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973. However, Mr. Ostrowski recognizes that this claim is precluded by the Seventh Circuit's decision in *Morgan v. Joint Administration Board*, 268 F.3d 456 (7th Cir. 2001), and he raises the claim solely to preserve it for any appeal. Finally, the failure to provide any cost of living increase in Mr. Ostrowski's pension payments violates Indiana Code § 36-8-10-15, which requires that these payments be in a "reasonable amount[]."

**Jurisdiction, Venue, and Cause of Action**

2.      The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.      This Court has jurisdiction over the supplemental state law claim pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

6.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, as well as pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a.

**Parties**

7.      Thomas Ostrowski is an adult resident of Lake County, Indiana.

8.      Lake County, Indiana ("the County"), located in northwestern Indiana, is one of Indiana's ninety-two counties and is authorized to provide and responsible for providing cost-of-

2

living increases in pension payments to retired former employees of the Lake County Sheriff.

9.      The Lake County Sheriff ("the Sheriff") is the duly elected Sheriff of the County, and is sued in his official capacity.

**Factual Allegations**

*Pension Plans for Former Employees of the Sheriff*

10.     Under Indiana law, each county has four options with respect to establishing a pension plan to provide retirement benefits for employees of the county sheriff's department: it may provide no retirement benefits; it may have its sheriff's department participate in the public employees' retirement fund, or PERF, established under Indiana Code § 5-10.3-2-1; it may have its sheriff's department participate in the 1977 Police Officers' and Firefighters' Pension and Disability Fund governed by Indiana Code § 36-8-8-1, *et seq.*; or it may establish its own pension plan under Indiana Code § 36-8-10-12.

11.     The Lake County Sheriff has established its own pension plan.  On information and belief, the sheriffs in Indiana's other ninety-one counties have done the same.

12.     Under the pension plan established by the Lake County Sheriff ("the Plan"), persons who "retire" from employment with the Lake County Sheriff's Department ("the Department") are eligible to receive monthly payments if they have at least five years of credited service for the Department.  This is so regardless of whether they reach retirement age and "retire" permanently, "retire" from their employment with the Department in order to accept employment elsewhere (and then eventually reach retirement age), or are forced to "retire" because they become disabled and unable to work.

13.   At present, the amount of each former employee's monthly payment under the Plan is determined by the length of that employee's service to the Department: an employee who served between five and six years, for instance, is entitled to receive a monthly payment equaling 25% of the maximum amount based on his or her salary at the time of retirement, while an employee who served twenty or more years is entitled to receive the maximum amount.  However, an employee who is forced to retire as a result of a disability incurred in the line of duty is treated as though he or she completed thirty-two years of credited service.

14.   The Plan also provides for payments to surviving spouses of employees of the Department who die while actively employed by the Department, who die as the result of action taken in the line of duty, or who were eligible to receive a pension payment upon the termination of employment with the Department and dies after the termination of employment.

15.   Under Indiana law, each county with a sheriff that has established its own pension plan may, by the passage of an ordinance of the county's fiscal body, provide an annual cost of living increase in pension payments to enrollees in the pension plan or to surviving spouses eligible for payments under the plan.  *See* Ind. Code § 36-8-10-23.  The modification of such a pension plan to include an annual cost of living increase may also be initiated by the sheriff of the county.

16.   Pursuant to its authority under Indiana Code § 36-8-10-23, Lake County, Indiana has passed ordinances providing an annual cost of living increase in pension payments to non-disabled retired employees under the Plan, as well as to surviving spouses under the Plan. However, it has not passed an ordinance providing for, and the Sheriff does not provide

4

for, any cost of living increase to persons who have retired as a result of disability (whether or not that disability occurs in the line of duty).

17.     As a result, an individual who permanently retires from the Department after twenty years of service receives, after reaching retirement age, a full pension with an annual cost of living increase.  An individual who "retires" from the Department after twenty years of service in order to accept employment elsewhere receives, after reaching retirement age, a full pension with an annual cost of living increase.  And an individual who is forced to retire from the Department after twenty years because of disability receives a full pension but *without* an annual cost of living increase, even after he or she reaches retirement age.

*Thomas Ostrowski*

18.     Thomas Ostrowski was employed continuously by the Department for fifteen years, beginning after he was discharged from the United States Air Force in 1989.  For the first seven years he was employed as a correctional officer at the Lake County Jail, and for the next eight years he was employed as a police officer.

19.     Mr. Ostrowski experienced a line-of-duty injury when, as a back-seat passenger during driving training in 1996, an accident caused a metal automobile part to be driven into his spine.  Although he received medical attention shortly after the accident, he was allowed to return to work and did so.

20.     Over time, Mr. Ostrowski experienced increasingly severe back issues, and follow-up examination by a specialist revealed that a spinal disc had cracked and broken down such that it required surgery.  Mr. Ostrowski underwent a double fusion—a surgical procedure— in 2003 but, unfortunately, the surgery failed: one of the areas that was supposed to be fused was not properly fused, and the cracked disc remains.

21.    As a result of his injury and the subsequent failed surgery, Mr. Ostrowski has significant difficulty ambulating.  His right leg is constantly numb and, if his body is under too much stress, his legs will simply "go out" from underneath him.  He is unable to sit or stand for lengthy periods of time, and he walks only with a considerable limp.  He has been required to take medication to mediate against the constant pain since the surgery failed, although over time the pain has required increasingly greater amounts of medication.

22.    After his surgery failed, Mr. Ostrowski was evaluated by three different doctors, each of whom determined that he was now disabled and could no longer work.  Mr. Ostrowski then applied to receive a pension based on his disability.  The Lake County Sheriff's Merit Board, established pursuant to Indiana Code § 36-8-10-3, gave him a disability rating of 100%, meaning that he was determined to be completely disabled and unable to work.

23.    Since 2003 Mr. Ostrowski has therefore been retired as a result of a disability incurred in the line of duty.  Thus, unlike non-disabled retirees and surviving spouses under the Plan, Mr. Ostrowski is not eligible for and has not received any cost-of-living increase in his monthly pension payments: each month he receives a pension payment in the exact same amount as he did the month his retirement took effect more than fourteen years ago.

24.    Every other year since 2003, Mr. Ostrowski has been required to demonstrate to the Lake County Sheriff's Merit Board that he remains disabled, and he has done so.

25.    Mr. Ostrowski remains disabled and has at all relevant times been a person with a disability within the meaning of the Americans with Disabilities Act.

26.    The refusal to provide Mr. Ostrowski with any cost-of-living increase in his monthly pension payments represents disability-based discrimination that is not justified by any actuarial risk related to his disability, and the refusal to provide him with any cost-of-living

6

increase therefore constitutes a subterfuge to evade the purposes of the Americans with Disabilities Act and the Rehabilitation Act.

27.     Mr. Ostrowski submitted a charge of discrimination to the Equal Employment Opportunity Commission (EEOC) on June 9, 2018.  On September 27, 2018, the EEOC dismissed and closed its file on the charge, and issued a right-to-sue letter to Mr. Ostrowski.   Mr. Ostrowski has therefore timely and properly exhausted all administrative processes.

*Concluding Allegations*

28.     Both defendants receive federal funding.

29.     There is no rational governmental interest, legitimate or otherwise, that supports the disparate treatment of persons forced to retire because of disability.

30.     The failure to provide any cost of living increase in the pension payments of disabled retirees who became disabled in the line of duty means that these payments are not in a reasonable amount within the meaning of Indiana law.

31.     The defendants have, at all times, acted under color of state law.

32.     As a result of the actions or inactions of the defendants, the plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

33.     The refusal to provide disabled retirees with any cost-of-living increase in their pension payments, while providing such increases to non-disabled retirees and surviving spouses, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

34.     The refusal to provide disabled retirees with any cost-of-living increase in their pension payments, while providing such increases to non-disabled retirees and surviving spouses,

7

violates Title I of the Americans with Disabilities Act as well as Section 504 of the Rehabilitation Act.  The plaintiff recognizes that this legal claim is precluded by the Seventh Circuit's decision in *Morgan v. Joint Administration Board*, 268 F.3d 456 (7th Cir. 2011), and raises the claim solely to preserve it for any appeal.

35.     The refusal to provide disabled retirees who became disabled in the line of duty with any cost-of-living increase in their pension payments violates Indiana Code § 36-8-10-15.

**Request for Relief**

         **WHEREFORE,** the plaintiff requests that this Court:

         1.     Accept jurisdiction of this case and set it for hearing.

         2.     Declare that the defendants have violated the rights of the plaintiff for the reasons noted above.

         3.     Issue a permanent injunction requirement monthly pension payments to reflect increases in the cost of living.

         4.     Award the plaintiff his damages.

         5.     Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12117, 29 U.S.C. § 794a, and any and all other applicable provisions.

         6.     Issue all other proper relief.


                                                        */s/ Gavin M. Rose*
                                                        Gavin M. Rose
                                                        ACLU OF INDIANA
                                                        1031 E. Washington St.
                                                        Indianapolis, IN  46202
                                                        Ph:     317.635.4059
                                                        Fax:    317.635.4105
                                                        <grose@aclu-in.org>

                                                        *Attorney for the plaintiff*

8