UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS OSTROWSKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18 -CV-423 RLM |
| | ) |
| LAKE COUNTY, INDIANA, et al., | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Thomas Ostrowski brought this suit against Lake County, the Lake County Sheriff, the Lake County Treasurer, and the Pension Committee of the Lake County Sheriff. Mr. Ostrowski's employment with the County Sheriff ended in 2003 when he retired because of disability from an injury in the line of duty. He doesn't receive annual cost of living adjustments on his monthly disability benefits, but former employees receiving regular monthly retirement benefits do. Mr. Ostrowski says this difference in cost of living adjustments violates the Equal Protection Clause of the 14th Amendment; Title I of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and Indiana Code § 36-8-10-15. Mr. Ostrowski filed a motion for partial summary judgment, and the Lake County parties filed a motion for summary judgment. The court held oral arguments on the motions on March 24. For the reasons stated below, the court denies the plaintiff's motion for partial summary judgment and grants the defendants' motion for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

Thomas Ostrowski was a police officer for the Lake County Sheriff's Department. In 1996, one year after he began working for the Department, Mr. Ostrowski was in an accident in a training vehicle that injured his spine. He received medical care and returned to work, but his injury persisted. The Lake County Sherriff's Merit Board found him permanently disabled in 2003 after eight years of service to the Department. He has received a monthly disability benefit payment based on a formula in the Lake County Sheriff Department's pension plan every month since June 2003.

2

Former employees who reach full retirement age also receive monthly payments under the Sheriff Department's benefit plan. Plan participants who have reached full retirement – which is defined as reaching 20 years of service or 60 years old – can receive an annual cost of living adjustment on their monthly payments.[1] Disability benefit recipients like Mr. Ostrowski never receive a cost of living adjustment on their monthly payments. Mr. Ostrowski testified in his deposition that he has been advocating for cost of living adjustments for disabled Lake County Sheriff's Department retirees on and off since 2004. He said, "I've written letters to the merit board, I have written letters to the pension committee, I have written letters to the Lake County Council, I have gone in front of the Lake County Council for years[.]" Mr. Ostrowski said in his affidavit that in 2015 or 2016, he attended several County Council meetings and testified during public comment. He said a study was commissioned on the matter, and after the study was released, he appeared before the County Council another eight or ten times.

Mr. Ostrowski worked for Lake County again as a dispatcher for the E-911 Board from 2014 to 2015. In May 2016, he filed a lawsuit against the Lake County E-911 Board, the Lake County Council, and the Lake County Board of Commissioners alleging discrimination in violation of the ADA with respect to the end of his employment with the E-911 Board. Ostrowski v. Lake County et al., Case No. 2:16-cv-166 (N.D. Ind., filed May 12, 2016). That suit ended in

---

[1] An employee who retired based on at least 20 years of service can't receive a cost of living adjustment until he has reached at least age 55.

February 2017 when Mr. Ostrowski entered a settlement agreement with Lake County and the other defendants. That agreement says, in relevant part:

> Ostrowski… hereby forever releases and discharges Defendants, their affiliates, subsidiaries, related entities, and each of their respective successors, predecessors, past and present officers, shareholders, agents, employees, attorneys, and representatives… from any and all claims, demands, damages, causes of actions, rights, damages, obligations, controversies, debts, costs, expenses, fees (including attorneys' fees), compensation, judgments, losses, and liabilities, of whatsoever kind of nature, known and unknown, matured or contingent, asserted or unasserted, foreseen or unforeseen, arising prior to this Agreement, including, but not limited to those arising resulting in any way from or in any way growing out of or arising from Ostrowksi's employment with Defendants and termination of such employment which could have been discovered, including, but not limited to, claims arising under the Americans with Disabilities Act, as amended, all claimed medical expenses, lost wages, back pay, future pay, lost income, emotional distress damage, punitive damages, liquidated damages, attorneys' fees costs and expenses, any and all claims under any other federal, state, or local employment or compensation law of any kind, to the extent permitted by law, and all claims asserted by or which could have been asserted by Ostrowski in the Lawsuit. Ostrowski understands and agrees that any claims he may have under the aforementioned statute, or any other federal, state, or local law, ordinance, rule or regulation are effectively waived under this Agreement.

The Lake County defendants argue that under these terms, Mr. Ostrowski released the claims he brought in this suit, and they are therefore entitled to judgment as a matter of law.

"It is well established a general release is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." <u>Fair v. Int'l Flavors & Fragrances, Inc.</u>, 905 F.2d 1114, 1116 (7th Cir. 1990) (internal quotations omitted). The settlement agreement says Mr. Ostrowski released all claims known or unknown arising before February 2,

4

2017. Mr. Ostrowski began receiving monthly disability benefits in June 2003. Based on his deposition testimony about his advocacy efforts, he knew well before February 2017 that he wasn't getting a cost of living adjustment on those benefits, so he had actual knowledge of his claim when he signed the release.

Mr. Ostrowski counters that the release doesn't apply to all of the defendants in this case.[2] He argues that because county sheriffs and treasurers are independently elected constitutional officers under Indiana law and the Indiana legislature establishes their duties, they aren't employees or agents of the county in which they work. Ind. Const. Art. 6, § 2; Ind. Code § 36-2-10-1 *et seq.*; Ind. Code § 36-2-13-1 *et seq.*; *see also* Donahue v. St. Joseph Cty. ex rel. Bd. of Comm'rs of St. Joseph Cty., 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999) (*citing* Delk v. Bd. of Comm'rs of Delaware Cty., 503 N.E.2d 436, 440 (Ind. Ct. App. 1987)); Carver v. Crawford, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990). Mr. Ostrowski further argues that the Pension Committee isn't an agent of the County because it's created with the approval of the Sheriff, the Sheriff's Merit Board, and the plan participants.

The question before the court isn't whether the Sheriff, Treasurer, and Pension Committee are agents of Lake County, but rather whether they are "affiliates, subsidiaries, related entities… successors, predecessors, past and present officers, shareholders, agents, employees, attorneys, [or] representatives" of the County. "Where the terms of a release are unambiguous, courts must give those terms their clear and ordinary meaning." Haub v.

---

[2] Mr. Ostrowski doesn't dispute that the release is effective against Lake County.

5

Eldridge, 981 N.E.2d 96, 102 (Ind. Ct. App. 2012) (internal citations omitted). Mr. Ostrowski hasn't presented sufficient evidence from which a reasonable juror could conclude that the Sheriff, Treasurer, and Pension Committee aren't "affiliates" or "related entities" of Lake County under the clear and ordinary meaning of those terms.

Mr. Ostrowski next argues that even if he did release claims "in existence" on February 2017, every monthly payment he has received since has been an independent violation upon which he can now seek relief from all four of the defendants. He cites Horia v. Nationwide Credit & Collection, Inc. for the proposition that "each discrete discriminatory act produces one claim." 944 F.3d 970, 974 (7th Cir. 2019). He argues that the constitutional violations for which he seeks relief in this case have "recurred each month since 2003," every time he received a payment without a cost of living adjustment. But the court in Horia v. Nationwide Credit was ruling on a claim preclusion issue, not interpretating a release provision. The question before the court is the effect of the provision in Mr. Ostrowksi's settlement releasing all claims "arising prior to this Agreement[.]"

"It is well established a general release is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." Fair v. Int'l Flavors & Fragrances, Inc., 905 F.2d 1114, 1116 (7th Cir. 1990) (internal quotations omitted). The settlement agreement says Mr. Ostrowski released all claims known or unknown arising prior to February 2, 2017. Mr. Ostrowski began receiving monthly disability benefits in June 2003. Based on his deposition testimony about his advocacy efforts, he knew well

before February 2017 that he wasn't receiving a cost of living adjustment on those benefits, so he had actual knowledge of his claims at the time he signed the release. Accepting Mr. Ostrowki's facts as true and construing them in the light most favorable to him, there is no genuine dispute that he released his claims for a cost of living adjustment under the clear and unambiguous terms of the release.

Accordingly, Mr. Ostrowski's motion for partial summary judgment [Doc. No. 44] is DENIED, and the defendants' motion for summary judgment [Doc. No. 46] is GRANTED. The Clerk is directed to enter the judgment accordingly.

SO ORDERED.

ENTERED:   March 25, 2021

/s/ Robert L. Miller, Jr.
Judge, United States District Court