UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS OSTROWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00423-RLM |
| ) | |
| LAKE COUNTY, INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

Defendants, by counsel, move the Court to enter an award of attorney's fees in favor of Defendants. On March 25, 2021, the Court entered judgment in favor of Defendants and against Plaintiff on all claims. As discussed in the Court's entry of judgment, Plaintiff Thomas Ostrowski previously entered a binding settlement agreement (the "Settlement Agreement") containing a fees and costs-shifting provision. Defendants raised the Settlement Agreement as a defense in the instant action, and the Court agreed that all of Plaintiff's claims in this case against all Defendants were barred in their entirety because those claims were released under the terms of the Settlement Agreement. Pursuant to the terms of the Settlement Agreement, and in light of the reasonableness of the fees sought, Defendants are entitled to their attorney's fees incurred in defending this action.

**I.  Procedural History**

On November 6, 2018, Plaintiff filed a Complaint against Defendants alleging violations of the Americans with Disabilities Act, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and a statutory provision of Indiana state law. [Dkt. 1]. On June 19, 2020, Defendants filed their Motion for Summary Judgment as to all of Plaintiff's claims. [Dkt. 46].

Among other legal arguments, Defendants explained in their Motion and supporting Brief that Plaintiff's claims were barred by the terms of the Settlement Agreement. [Dkt. 47 at 38-40]. In

1

February 2017, prior to instituting the instant action, Plaintiff executed the Settlement Agreement as part of the resolution of a prior lawsuit. [Dkt. 48-2 at 157-162]. In the Settlement Agreement, Plaintiff released and discharged Lake County and all of its related entities, officers, employees, agents, and representatives from, "any and all claims . . . known or unknown . . . including but not limited to those . . . growing out of or arising from Ostrowski's employment with Defendants and termination of such employment which could have been discovered . . . ." [Dkt. 48-2 at 159]. The Settlement Agreement includes an attorney's fees provision which states: "In the event Ostrowski or Defendants bring a lawsuit relating to a breach of, or the enforcement of, this Agreement, or any of the Released Parties assert this Agreement as a defense to an action brought by or on behalf of Ostrowski, the prevailing party shall be entitled to seek attorneys' fees from the other party." [Dkt. 48-2 at 161].

On March 25, 2021, the Court entered an Order granting Defendants' Motion for Summary Judgment (and denying Plaintiff's Partial Motion for Summary Judgment) and entering judgment in favor of Defendants on all claims. [Dkt. 58]. The Court agreed that the release contained in the Settlement Agreement applied and barred all of Plaintiff's claims and held that Plaintiff released his claims "under the clear and unambiguous terms of the release." [Dkt. 58 at 7].

**II.  Discussion**

"Federal Rule of Civil Procedure 54(d)(2) allows a litigant to request attorneys' fees by motion." *SFG Com. Aircraft Leasing, Inc. v. Montgomery Equip. Co., Inc.*, No. 3:15-CV-324-TLS, 2019 WL 3941120, at *1 (N.D. Ind. Aug. 21, 2019). "Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2).

2

Plaintiff entered into the Settlement Agreement and released all of his claims against Defendants, and under the terms of the Settlement Agreement, Defendants are entitled to recover their attorneys' fees from Plaintiff.  [Doc. 48-2 at 157-162].  The Settlement Agreement is governed by Indiana law, and Indiana law enforces contractual terms providing for the award of attorney's fees to a prevailing party.  *See Lock Realty Corp., IX v. U.S. Health, LP*, No. 3:13-CV-994, 2014 WL 4407712, at *1 (N.D. Ind. Sept. 8, 2014).  [*See also* Doc. 48-2 at 160].  "In Indiana, a contract that allows for the recovery of reasonable attorney's fees will be enforced according to its terms unless it is violative of public policy."  *See SFG Com. Aircraft Leasing, Inc.*, 2019 WL 3941120, at *2 (citing *Harrison v. Thomas*, 761 N.E.2d 816, 821 (Ind. 2002)).  The Settlement Agreement provides that in the event the released parties raise the Settlement Agreement as a defense to an action brought by Ostrowski, the released parties would be entitled to seek their attorneys' fees from Ostrowski.  [*Id.* at 161].  After entering the Settlement Agreement, Ostrowski brought an action raising claims which the Court has determined were covered by the Settlement Agreement, and Defendants necessarily incurred attorneys' fees in defending this case.  Defendants also raised the Settlement Agreement as a defense, and the Court agreed that Plaintiff's claims were barred by the Settlement Agreement.  Accordingly, pursuant to the plain terms of the Settlement Agreement, Defendants are entitled to their attorneys' fees.

Defendants seek a reasonable amount of attorneys' fees incurred in defending Plaintiff's claims.  "The reasonableness of attorneys' fees is a procedural issue governed by federal law." *SFG Com. Aircraft Leasing, Inc.*, 2019 WL 3941120, at *2 (citing *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004)).  "When governed by a contractual fee shifting clause, the award of attorneys' fees is determined by standards of commercial reasonableness." *Id.*  In assessing commercial reasonableness, courts consider willingness to pay and "the aggregate costs in light of the stakes of the case and opposing party's litigation strategy." *Id.*  "The inquiry into commercial reasonableness does not require courts to engage in detailed, hour-by-hour review of a prevailing

3

party's billing records." *Id.* (citing *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013) (internal quotation marks omitted)).

Defendants have incurred $295,437.00 in attorneys' fees related to the defense of the instant action over a period of twenty-four months. Defendants have included amounts incurred from April 2019 through March 25, 2021, the date of entry of judgment in favor of Defendants. As explained in more detail in the Affidavit of Jackie S. Gessner (attached as Exhibit 1), the work performed by Defendants' attorneys over that twenty-four month period included, but was not limited to, time spent analyzing and responding to pleadings, drafting and filing pleadings, conducting necessary legal research, interviewing several fact witnesses, serving and responding to written discovery, gathering and reviewing documents produced in response to discovery served by the Plaintiff, reviewing and analyzing documents produced by Plaintiff and non-parties, corresponding and communicating with Plaintiff's counsel, responding to Plaintiff's Notice of Rule 30(b)(6) deposition, preparing Defendants' witness for a Rule 30(b)(6) deposition and defending said deposition, preparing for and conducting the deposition of Plaintiff, preparing for and appearing at a settlement conference before Magistrate Judge Martin, responding to Plaintiff's partial Motion for Summary Judgment, preparing and filing Defendants' Motion for Summary Judgment and supporting materials, preparing and filing a summary judgment reply brief, preparing for and representing Defendants at a hearing on the Parties' Cross Motions for Summary Judgment, and conducting various meetings and discussions with Defendants to gather information and to provide legal advice related to this litigation. Defendants have submitted detailed reports documenting these efforts in the form of invoices for services containing dates, hourly rates, and time entry descriptions for the work performed. [*See* Ex. 1, Gessner Aff. at ¶¶9-12, Ex. A].

The fees incurred in defense of this matter are reasonable in light of the scope of work required, the unique issues raised in the litigation, the stakes at issue, and Plaintiff's approach to litigation. Plaintiff's claims in this matter all relate to the lack of a cost of living adjustment ("COLA")

to certain disability pension benefits provided by the Lake County Sheriff's Department.  As explained in Defendants' Motion for Summary Judgment, the Lake County Council previously assessed the financial impact of adding a COLA to disability benefits and requested that the plans' actuary review and determine the cost of making such a change. [Doc. 47 at 17].  The actuary determined that the addition of a disability benefit COLA would require additional funding from the County equal to 3% of payroll each year. [Doc. 44-3 at 87-130; Doc. 44-2 at 14-15].  For 2018 alone, that amount would have been $247,380, with a similar amount needing to be appropriated each year to fund the added benefit.  Accordingly, in the event that Plaintiff had been successful in seeking a cost of living adjustment for his disability benefit, such a decision would not impact Plaintiff alone.  Defendants would necessarily have had to engage their benefits consultant and actuary to revise the applicable plan documents to allow for the adjustment.  Moreover, Defendants necessarily would have had to pay all other beneficiaries, both current and future, the same adjustment on a go-forward basis or face multiple lawsuits from such similarly situated individuals.  Accordingly, Defendants appropriately defended the claims in light of the much higher resulting cost that would follow, had Plaintiff's claims been successful.

Moreover, work on this case included analysis of complex employee benefit matters pertaining to two decades-old benefit plans.  Counsel worked with Defendants' benefit consultant and representatives from the plan's actuary to understand key benefit provisions and the financial impact of the adjustment sought by Plaintiff – not only for Plaintiff but for all such beneficiaries similarly situated to Plaintiff.  Defendants' fees included meetings and discussions with Defendants' benefit consultant for the purpose of understanding and analyzing relevant retirement and disability benefit plans and developing legal arguments related to the plans.  Beyond that, Plaintiff continued to pursue multiple claims throughout the course of litigation, including federal and state law claims, including

claims presenting issues of first impression. Defendants necessarily had to research and analyze Plaintiff's claims throughout discovery and on summary judgment, incurring additional expense.

Further, given the high stakes and financial risk presented by Plaintiff's claims, Defendants were willing to pay the attorneys' fees incurred in defense of this matter. [Ex. 1, Gessner Aff. at ¶¶11-12, Ex. A]. In support, Defendants maintain that they have already paid the vast majority of such fees. *See Broaddus v. Shields*, 665 F. 3d 846, 860 (7th Cir. 2011) (holding "one of the best indicators of commercial reasonableness is a willingness to pay the fees without guaranteed reimbursement"), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

In sum, Defendants seek a reasonable amount for attorneys' fees incurred in defending this action. Defendants are entitled to seek such an award based on the terms of a valid settlement and release agreement. Defendants' attorneys' fees are commercially reasonable based on the high stakes involved in this case, Plaintiff's strategy pursued in litigation, and Defendants' willingness to pay the fees incurred.

### III. Conclusion.

In light of the Parties' valid settlement and release agreement and the Court's Order finding that Plaintiff released his claims thereunder, Defendants respectfully request that this Court enter an Order awarding Defendants their attorneys' fees in the amount of $295,437.00.

Respectfully submitted,

*s/Jackie S. Gessner*
Jackie S. Gessner

Kenneth J. Yerkes
Bart Karwath
Jackie S. Gessner
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
E-mail: ken.yerkes@btlaw.com

bart.karwath@btlaw.com<br>jackie.gessner@btlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

<u>s/Jackie S. Gessner</u>