UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS OSTROWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00423-RLM |
| | ) |
| LAKE COUNTY, INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF BILL OF COSTS**

Defendants submitted their Bill of Costs and supporting exhibits on June 7, 2021. Plaintiff filed his objections on July 2, 2021. As discussed in greater detail below, Plaintiff's objections are not supported by governing law, and Defendants should be awarded their costs in the original amount requested of $4,487.08.

**I.    Defendants' Deposition Costs Are Recoverable In This Action.**

Plaintiff objects to portions of Defendants' deposition costs – specifically costs associated with obtaining an expedited transcript and videographer fees for Plaintiff's deposition.

The fee incurred for the expedited transcript was necessary. Fees for expedited transcripts are not precluded from recovery as costs. *See Pourghoraishi v. Flying J., Inc.*, No. 2:03-CV-269, 2005 WL 8170102, at *2 (N.D. Ind. Jan. 18, 2005) (awarding costs for expedited transcripts as they "were necessary under the circumstances") (citing *Corder v. Lucent Techs., Inc.*, 162 F.3d 924, 929 (7th Cir. 1998) (affirming district court's taxing of costs associated with expedited delivery where the district court "concluded that the increased fees for expedited transcripts were justified given the discovery and motion schedule it set for the case.")). Plaintiff's deposition took place on December 13, 2019, and the parties' settlement conference took place on January 7, 2020, approximately three weeks later including the intervening holidays. Defendants obtained the expedited transcript in order to allow

representatives of the Defendants to review the transcript prior to the conference and so that Defendants' confidential settlement memorandum could be prepared in advance of the conference. Such memoranda were due no later than December 30, 2019, and Defendants necessarily included transcript excerpts as exhibits to their memorandum. Accordingly, expedited transcripts were necessary under the circumstances.

Videographer fees associated with Plaintiff's deposition also were reasonably incurred, and such costs are recoverable. *See Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (fees for videotaping deposition allowable as costs). Courts have awarded such costs over similar objections. "Video depositions are regularly used at trial or in other proceedings where sworn testimony is presented." *Press Ganey Assocs.., Inc. v. Dye*, No. 3:12-CV-437-CAN, 2014 WL 1874897, at *4 (N.D. Ind. May 8, 2014) (explaining that defendants should be awarded such costs and "should not be penalized for choosing to ensure that testimony from their key witnesses would be available for future proceedings if only through video"). Plaintiff objects to the recovery in part because, as Plaintiff asserts, this is a "summary judgment case." [Doc. 77 at 7]. However, parties have no such certainty prior to entry of an order on summary judgment. "This objection has no basis in law, as there was no way for [a party] to know there would not be a trial in this matter at the time this cost was incurred. The reasonableness of a cost must be considered without hindsight." *Szany v. Garcia*, No. 2:17-CV-74-PPS-JPK, 2020 WL 4915666, at *3 (N.D. Ind. Aug. 21, 2020).

Indeed, the costs are reasonable and necessary, because Defendants believed they would offer video testimony at trial to effectively present evidence to the jury, and that is all that is required to demonstrate the video was necessary. *See Rivers v. Goodwill of Cent. & S. Indiana, Inc.*, No. 1:18-CV-01017-TWP-MPB, 2020 WL 2849896, at *2 (S.D. Ind. June 2, 2020) (granting award for video costs as necessary where defendant believed it might present video testimony). As was the case in *Press Ganey*, *Szany*, and *Rivers*, videographer fees for Plaintiff's deposition were necessary where Plaintiff's

2

testimony may have been necessary at trial, and there is no guarantee that the case would not have proceeded to trial. The fees were reasonably incurred and should be awarded as costs.

Plaintiff also argues that, because Plaintiff's deposition went 31 minutes beyond the four-hour time limit, Defendants should not be reimbursed for all of the deposition costs. Plaintiff proposes that a pro rata portion of the deposition costs for each minute that the deposition went over four hours should be deducted from the costs awarded. However, there is no authority to support such a proposition. Any additional costs were actually incurred and should be reimbursed. And, importantly, the additional minutes had no significant impact on the total court reporter and videographer deposition costs. As shown on the bill for the deposition, most of the charges are flat rate charges, and for the time after the first hour the court reporter charged $45 per hour and the videographer $120 per hour. [Doc. 70-1 at 6, 8]. As a result, the per-minute cost would have been $.75 for the court reporter and $2.00 for the videographer, for a total of $2.75 per minute. Therefore, the additional costs attributable to the extra 31 minutes would be no more than $85.25.

More importantly, Plaintiff incorrectly argues that the only reason the deposition went minutes over the four-hour limit was because of the "magnanimousness" of Plaintiff and his counsel. If Plaintiff did not want to allow the deposition to go minutes over, he could have objected and insisted that the deposition stop. However, that would have resulted in counsel for Defendants insisting on contacting the Court to obtain leave to ask the few remaining questions. That would have likely taken more time than the additional 31 extra minutes that the deposition took. Because Plaintiff did not insist that the deposition be concluded, or insist that the Court be called to order that the deposition stop, any objection to the extra minutes, including any objection to the additional $85.25 in deposition costs was waived by Plaintiff. Plaintiff and his counsel made a calculated and strategic decision to not insist on a strict four-hour limit. They likely assumed there was a good chance that the Court would allow the few remaining questions of the Plaintiff to be asked. As a result, Plaintiff made a calculated

3

decision to waive his objection to the deposition continuing.  Plaintiff should not be allowed to raise his waived objection now with respect to the bill of costs.  However, even if the Court allows him to raise the argument, the argument would at most serve as a basis to decrease the recoverable costs by $85.25, not $1,527.20 as argued by Plaintiff.

## II.     **Defendants' Copy Costs Are Recoverable.**

Plaintiff objects to the recovery of copy costs associated with documents not "prepared for use in presenting evidence to the court—typically at trial." [Doc. 77 at 1-2 (citing *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980))].  However, this is an overly narrow limiter on the types of copy costs recoverable.  Under Section 1920(4), a party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  "This category includes copies **attributable to discovery** and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel."  *Swan Lake Holdings, LLC v. Yamaha Golf-Car Co.*, No. 3:09-CV-228, 2011 WL 1869389, at *3 (N.D. Ind. May 13, 2011) (emphasis added).  Indeed, not every record obtained in discovery is presented at trial, and "[l]ike depositions, the underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 2:13-CV-144-PPS, 2017 WL 242985, at *2 (N.D. Ind. Jan. 20, 2017) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991)).

Defendants incurred photocopying costs during discovery in this case, including for document productions as well as for deposition exhibits.  [*See* Gessner Aff. at ¶ 4].  Although Defendants served their document production electronically, they necessary created paper copies in order to prepare the final production, to prepare for depositions in this case, and to prepare for summary judgment. *Barton v. Zimmer, Inc.*, No. 1:06-CV-208-TS, 2010 WL 3168403, at *4 (N.D. Ind. Aug. 10, 2010) (recognizing

4

that attorneys need not work with voluminous records using solely electronic documents and awarding costs related to such copies). Defendants have not included any duplicate copies made solely for the convenience of counsel. *Id.* at *3 ("cost of copies made for attorney convenience is not recoverable, . . . but this limitation refers to the number of *duplicates* that can be construed as necessarily obtained for use in a case) (emphasis in original) (citations and quotations omitted). Defendants similarly have only included copies of deposition exhibits that they believed might be introduced at the deposition. Prior to a deposition, attorneys are not certain what the opposing party's testimony will be and therefore, there might be a need to be prepared with various documents to refresh recollections or to challenge a witness whose testimony contradicts or is not consistent with documents. The fact that copies of exhibits were made for use during a deposition (and in sufficient quantities to provide copies to the witness, the court reporter and opposing counsel) but the exhibits were not used during the deposition does not mean the copying charges are not recoverable.

Plaintiff also objects to Defendants' request for costs associated with conducting third party discovery in this case, but this objection is also without support. Applying the same overly narrow view of recoverable costs, Plaintiff asserts that Defendants casted a "wide net over discovery" and that the records were not specifically utilized as evidence in the case. [Doc. 77 at 4-5]. However, this again requires a hindsight view of Defendants' strategy, which is not required when awarding costs. "The Seventh Circuit has expressly held courts should not resolve arguments the losing party makes regarding the winning party's strategy and how it could have reduced costs." *Rivers,* 2020 WL 2849896, at *2 (citing *Cohen-Chaney v. Nat'l R.R. Passenger Corp.*, 2012 WL 3579881, at *2 (S.D. Ind. Aug. 17, 2012)).

Costs for third party records were necessarily incurred to conduct needed discovery into Plaintiff's factual assertions and damages claims. Plaintiff's claims pertain to his disability and his inability to work as a result thereof. Plaintiff's disability status impacts his eligibility for benefits, but

5

Plaintiff has performed work since his retirement. Whether or not Plaintiff could perform any work, the extent of his medical condition, and his potential ability or inability to mitigate his damages were all relevant to the claims and damages. Furthermore, one of the key issues raised by Plaintiff in the case was a comparison of the benefits Plaintiff received as a disabled retiree and what benefits non-disabled retirees receive. One of the benefits disabled retirees receive but other retirees do not is reimbursement of certain out-of-pocket medical expenses for life. Therefore, it was relevant and necessary to conduct discovery to find out what medical treatments (and therefore reimbursements) Plaintiff has received and continues to receive.

In an attempt to garner sympathy, Plaintiff argued that solely because he has no COLA he does not have sufficient funds to pay his bills. However, Plaintiff's arguments ignore the fact that his income stream related to his disabled status includes Social Security Disability payments. Unlike most disability benefit plans, in this case the plan does not reduce the plan's disability payments by the amount of Social Security Disability payments. As a result, Plaintiff's payments from Social Security are relevant, and discovery regarding the Social Security Disability payments was proper to show what amount of money plaintiff actually receives each month and annually due to his disability. This shows why he is not similarly situated to normal retirees, and why there is a rational basis for not providing a COLA for Plaintiff, but doing so for some (but not all) non-disabled retirees. As noted in Defendants' summary judgment brief at page 32 (Doc. 47 at 38), when all sources of disability-related income are considered, Plaintiff actually now receives 120% of his average annual salary at the time of his retirement, and that amount is largely tax free, compared to his salary while working, which was subject to state and federal income taxes and withholdings. Accordingly, Plaintiff's medical and Social Security records were well within the scope of discovery in this case. Thus, the costs related to obtaining such records are recoverable. *Id.* (awarding costs associated with obtaining third party

6

records including medical and tax records); *Smith v. Union Pac. R.R.*, No. 11-CV-986, 2018 WL 10799175, at *2 (N.D. Ill. July 6, 2018) (same).

For all of the reasons stated here and in Defendants' Brief in Support of Bill of Costs, Defendants' costs are recoverable, and Plaintiff's objections to Defendants' Bill of Costs should be overruled.

### III.  Conclusion

Defendant respectfully requests that the Court tax costs against Plaintiff in the amount of $4,487.08.

Respectfully submitted,

*s/Jackie S. Gessner*
Jackie S. Gessner

Kenneth J. Yerkes
Bart Karwath
Jackie S. Gessner
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:   (317) 236-1313
E-mail:         ken.yerkes@btlaw.com
                    bart.karwath@btlaw.com
                    jackie.gessner@btlaw.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

*s/Jackie S. Gessner*

7