UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS OSTROWSKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18 -CV-423 RLM |
| | ) |
| LAKE COUNTY, INDIANA, et al., | ) |
| | ) |
| Defendants | ) |

## ORDER

Thomas Ostrowski brought this suit against against Lake County, the Lake County Sheriff, the Lake County Treasurer, and the Pension Committee of the Lake County Sheriff alleging violations of the Equal Protection Clause of the 14th Amendment; Title I of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and Indiana Code § 36-8-10-15. After judgment was entered in their favor on March 25, 2021 pursuant to summary judgment, the Lake County defendants petitioned the court for an award of attorneys' fees and costs. They seek $295,437 in fees and $4,487.08 in costs. Mr. Ostrowski disputes the defendants' fee request and raises objections to their bill of costs. For the following reasons, the court grants the Lake County defendants $221,577.25 in attorney's fees and $4,487.08 in costs.

### I. ATTORNEYS' FEES

The Lake County defendants ask the court to award them $295,437 in attorneys' fees. Fed. R. Civ. P. 54(d)(2). Their petition says that the lead counsel

in this case were Jackie Gessner, whose hourly rate over the course of the litigation was $380-$415 per hour; Bart A. Karwath, whose hourly late over the course of the litigation was $635-$700 per hour; and Kenneth J. Yerkes, whose hourly late over the course of the litigation was $685-$735 per hour. Counsel alsp billed for the services of a paralegal, Roxanne Larrison, at a rate of $290 per hour. Ms. Gessner billed for over 340 hours of work on the case, Mr. Karwath for over 171, Mr. Yerkes for over 30, and Ms. Larrison for 93 hours. Ms. Gessner says in an affidavit attached to the Lake County defendants' petition that counsel has submitted invoices to the defendants for fees incurred through March 25, 2021, and the "vast majority" of them have been paid.

Under the American Rule, "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Peter v. Nantkwest, Inc., 140 S. Ct. 365, 370 (2019) (*quoting* Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-253 (2010)). The Lake County defendants argue that their settlement agreement with Mr. Ostrowski entitles them to attorneys' fees. The agreement says, in relevant part:

> In the event Ostrowski or Defendants bring a lawsuit relating to a breach of, or the enforcement of, this Agreement, or any of the Released Parties assert this Agreement as a defense to an action brought by or on behalf of Ostrowski, the prevailing party shall be entitled to seek attorneys' fees from the other party.

Mr. Ostrowski counters that the settlement agreement clause allows the defendants to seek attorney fees but doesn't otherwise operate as a fee-shifting provision. He cites cases in which fee-shifting provisions stated a prevailing party was entitled to *recover* attorneys' fees (rather than *seek* them), and he says that

2

the parties' agreement in this case confers a procedural right rather than a substantive benefit. Mr. Ostrowski's argument is a distinction without a difference: the clause gives the court the authority to award the Lake County defendants attorneys' fees.

Mr. Ostrowski argues in the alternative that the clause violates public policy if it is a fee-shifting provision. Osler Inst., Inc. v. Forde, 386 F.3d 816, 818 (7th Cir. 2004). He argues that he's a disabled former county employee who brought this suit to pursue "non-frivolous claims that the County has violated and continues to violate the U.S. Constitution and Indiana law." Mr. Ostrowski doesn't persuade the court that enforcing a fee-shifting provision in a contract he agreed to enter would violate public policy. Mr. Ostrowski doesn't deny the existence and provisions of his settlement agreement with the Lake County defendants, and he chose to file and litigate this suit.

Finally, Mr. Ostrowski argues the settlement agreement (and therefore the fee-shifting provision) is only effective as to Lake County. The court found in its order on the motion for summary judgment that the agreement is effective as to all of the defendants in this case. [Doc. No. 58].

In a contractual fee-shifting case, the court reviews the requested fees for commercial reasonableness, which "does not require courts to engage in detailed, hour-by-hour review of a prevailing party's billing records." Matthews v. Wisconsin Energy Corp., 642 F.3d 565, 572 (7th Cir. 2011) (internal citations and quotations omitted). The court should "look to the aggregate costs in light of the stakes of the case and opposing party's litigation strategy" to determine

3

whether the requested fees are commercially reasonable. Id. "[O]ne of the best indicators of commercial reasonableness is a willingness to pay the fees without guaranteed reimbursement." Broaddus v. Shields, 665 F.3d 846, 859 (7th Cir. 2011), *overruled on other grounds by* Hill v. Tangherlini, 724 F.3d 965 (7th Cir. 2013).

The stakes of this case were significant. Mr. Ostrowski claimed that state and federal law required the Lake County defendants to provide monthly disability benefit recipients a cost of living adjustment. Had Mr. Ostrowski prevailed on his claims, the county would have had to provide cost of living adjustments to not only Mr. Ostrowski, but also other monthly disability benefit recipients. The Lake County defendants note that according to the county's actuary, providing such an adjustment for all disability pension recipients would require additional funding equal to 3% of the County's annual payroll – or $247,380 in 2018.

This litigation was straightforward. The Lake County defendants don't argue that Mr. Ostrowski's litigation tactics caused extra delay or expense. The record doesn't reflect that discovery in this case was especially complex. Mr. Ostrowski filed a motion for partial summary judgment, and the Lake County defendants filed a motion for summary judgment on all claims. The case ended when the court granted the Lake County defendants' motion, less than two and a half years after Mr. Ostrowski filed his complaint.

Courts presume an attorney's actual billing rate for comparable work to be a reasonable hourly rate. Jeffboat, LLC v. Director, Office of Workers' Comp.

Programs, 553 F.3d 487, 490 (7th Cir. 2009); People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. 1996). Mr. Ostrowski argues that counsels' rates are too high for this district, but the court doesn't look to evidence of rates paid in the community unless an attorney is unable to provide evidence of her actual billing rates. Mathur v. Bd. of Trustees of S. Illinois Univ., 317 F.3d 738, 743 (7th Cir. 2003). Defense counsel's actual hourly billing rate is included in the invoices attached to their motion, and Ms. Gessner indicates in her affidavit that those rates are counsel's general hourly rates for their legal services, not just for their services in this matter.

The number of hours defense counsel billed in this matter is commercially unreasonable, however. Defense counsel billed over 543 attorney hours and 93 paralegal hours. The court needn't engage in an hour-by-hour review of counsel's billing records, but it notes for example that defense counsel spent over 72 hours of preparing for the court's hearing on the cross motions for summary judgment, where counsel were allotted 15 minutes to make their oral argument. *See, e.g.*, Ustrak v. Fairman, 851 F.2d 983, 987 (7th Cir. 1988) (finding that 38 hours of attorney preparation for oral argument before the circuit court "[was] far too much for preparing to argue an appeal in a case involving simple facts, a three-day trial, and legal issues of limited (though not trivial) scope and novelty."); Cerajeski v. Zoeller, No. 111CV01705JMSDKL, 2016 WL 771977, at *9 (S.D. Ind. Feb. 29, 2016) (finding that 60-65 hours' preparation for oral argument before the circuit court was excessive). Counsel spent over 187 hours briefing the defendants' summary judgment motion and responding to the plaintiff's motion

5

for partial summary judgment. Defense counsel argues that the number of hours they spent working on case was reasonable in light of Mr. Ostrowski's claims, which raised issues of state and federal law and required discovery across government entities.

Engaging in discovery with multiple government officials and doing the research needed to understand pension issues under state and federal law would take time. The stakes were high for the defendant because the case's outcome could have had long-term effects on Lake County's pension program and budget. But ultimately, this was a straightforward case that ended at the summary judgment stage. The court finds that billing for 540 hours of attorney work and 93 hours of paralegal work is commercially unreasonable in light of the stakes of the case and Mr. Ostrowski's litigation strategy. Accordingly, the court reduces defense counsel's requested fee amount of $295,437 by 25%, or $73,859.25, and grants the Lake County defendants $221,577.25 in attorneys' fees.

## II. Costs

The defendant filed a Bill of Costs seeking $4,487.08 in expenses [Doc. No. 70], to which the plaintiff timely objected. [Doc. No. 77]. For the following reasons, the court overrules the plaintiff's objections.

The "default rule" is that the prevailing party is entitled to an award of certain litigation costs, excluding attorney's fees. Fed. R. Civ. P. 54(d)(1); Arce v. Chi. Transit Auth., 738 Fed. App'x 335, 361 (7th Cir. 2018). "A party prevails… when a final judgment awards it substantial relief." Smart v. Local 702 Int'l Bhd.

Of Elec. Workers, 573 F.3d 523, 525 (7th Cir. 2009). On a threshold level, the defendants are the prevailing party because the court ruled in their favor by granting their summary judgment motion. Republic Tobacco Co., v. North Atl. Trading Co., Inc., 481 F.3d 442, 447 (7th Cir. 2006). This means that the defendants have a right to file a bill of costs seeking reimbursement for certain expenses under Fed. R. Civ. P. 54(d)(1).

A court taxing costs against a losing party must first determine whether the costs are recoverable, and then "whether the amount assessed for the item was reasonable." Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000). The plaintiffs bear the burden "of an affirmative showing that the taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). "Generally, only misconduct by the prevailing party worthy of a penalty … or the losing party's inability to pay will suffice to justify denying costs." Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997) (*quoting* Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988)). Costs are appropriate even if there is a financial disparity between the parties. Reed v. International Union of Auto., Aerospace, & Agric. Implement Workers, Local Union No. 663, 945 F.2d 198, 204 (7th Cir. 1991).

*1. Discovery and Copies*

Mr. Ostrowski first objects to the costs the Lake County defendants seek for copies, a total of $841.04. The court may award fees for printing and "[f]ees

7

for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(3)-(4). "[T]he district court has discretion to determine which copies were necessary[.]" Montanez v. Simon, 755 F.3d 547, 558 (7th Cir. 2014).

Mr. Ostrowski argues that the Lake County defendants aren't entitled to an award of costs for copies of the Lake County defendants' requested discovery; the discovery the defendants tendered; or the exhibits used during Mr. Ostrowski's deposition. He objects specifically to the Lake County defendants' charge for their tendered discovery because those documents were provided to him electronically. And he objects to the copies of exhibits for his deposition because the Lake County defendants didn't introduce every copied exhibit during the deposition.

The copies the Lake County defendants made during the discovery process were appropriate. The Lake County defendants explain that they tendered their discovery to Mr. Ostrowski electronically, but counsel made a printed copy for their own use. Kulumani v. Blue Cross Blue Shield Ass'n, 224 F.3d 681, 685 (7th Cir. 2000) (finding that two copies of a filing could be taxed as a necessarily obtained cost, but five or six is "harder to justify."). Further, it's reasonable that counsel might decide not to use every exhibit they printed for Mr. Ostrowski's deposition. The copies of discovery documents the defendants made were necessarily obtained, and the documents didn't have to be introduced into evidence for the court to tax the cost of copying them. State of Ill. v. Sangamo Const. Co., 657 F.2d 855, 867 (7th Cir. 1981).

8

Mr. Ostrowski also argues that the Lake County defendants aren't entitled to an award of costs for copies of third-party records, a total of $553.94. He argues that none of the documents – except for one slip opinion – were presented to the court, and the cost of the slip opinion is not taxable under 28 U.S.C. § 1920 because it was used for legal research. He also says that because the defendants didn't dispute his disability status, and a county entity determined that he was eligible for disability benefits, it wasn't reasonable or necessary to obtain copies of his medical records.

To support his argument about the slip opinion copy, Mr. Ostrowski cites McIlveen v. Stone Container Corporation for the proposition that a prevailing party can't seek costs for copies of court filings for its own use. 910 F.2d 1581, 1584 (7th Cir. 1990). But the Lake County defendants' itemized list of third-party records doesn't include any court filings from this case. The court in McIlveen v. Stone held that "for use in the case 'refers to materials actually prepared for use in presenting evidence to the court[.]'" Id. (*quoting* E.E.O.C. v. Kenosha Unified School Dist. No. 1, 620 F.2d 1220, 1227–1228 (7th Cir. 1980)). It's reasonable and appropriate that the defendants used the printed slip opinion to prepare its arguments on summary judgment. The court also disagrees with Mr. Ostrowski that it was unreasonable or unnecessary for the Lake County defendants to make copies of his medical records. The dispute in this case was related to Mr. Ostrowski's employment benefits, disability status, and income, and it was appropriate for the defendants to seek those third-party records to prepare its case.

*2. Depositions*

Mr. Ostrowski next objects to expenses related to his deposition. The court may award "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Mr. Ostrowski argues that the court shouldn't allow the defendants to tax fees for (1) expediting a transcript of his deposition; (2) both a stenographic transcript and video of his deposition; and (3) time spent conducting the deposition beyond the four hours the parties agreed upon before it began.

Mr. Ostrowski argues that no urgent court proceedings warranted an expedited copy of his deposition transcript. The Lake County defendants counter that the parties' settlement conference took place less than one month after Mr. Ostrowski's deposition. The court determines the necessity of a transcript in light of the facts known when the transcript was requested. Majeske v. Chicago, 218 F.3d at 825. In light of the parties' impending settlement conference, it was reasonable and necessary for the Lake County defendants to obtain an expedited copy of the transcript.

Mr. Ostrowski also contends that expenses for both a stenographic transcript and videotape of his deposition aren't reasonable and necessary. The circuit court found that the changes to Federal Rule of Civil Procedure 30(b)(4) reflected the rulemakers' intention to "allow the costs of both video-recording and stenographic transcription to be taxed to the losing party." Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 702 (7th Cir. 2008). Mr. Ostrowski

10

argues that the court's finding in Little v. Mistubishi is dicta, and further, it's no longer good law based on the Supreme Court's decision in Taniguchi v. Kan Pacific Saipan, Limited, 566 U.S. 560, 566-572 (2012). He argues that the Court's holding that words in 28 U.S.C. § 1920 should be given their "ordinary meaning" precludes the court from taxing fees for a video recording of a deposition because a video recording is not within the ordinary meaning of "electronically recorded transcripts." Taniguchi v. Kan Pacific, 566 U.S. at 573. Mr. Ostrowski says that even if the holding in Little v. Mitsubishi isn't dicta, it wasn't reasonable and necessary for the defendants to record his deposition both ways because this case was "always" going to end at the summary judgment stage.

The court joins other courts in this circuit that have found Little v. Mistubishi's holding that the court can tax both video recordings and stenographic transcriptions is both precedential authority and good law. *See, e.g.*, Rivers v. Goodwill of Cent. & S. Indiana, Inc., 2020 WL 2849896, at *3 (S.D. Ind. June 2, 2020); Deckers Outdoor Corp. v. Australian Leather Pty. Ltd., 2020 WL 4723980, at *8 (N.D. Ill. July 13, 2020); and Hallihan v. Progressive Direct Ins. Co., 2016 WL 7404445, at *2 (S.D. Ill. Dec. 22, 2016). The Lake County defendants said they didn't know at the time of Mr. Ostrowski's deposition whether the case would survive summary judgment, so they asked for a video recording in case they needed to present it at trial. The defendants established that the video recording was reasonable and necessary to the litigation.

11

The parties agreed in their Rule 26(f) report that depositions in this case would be limited to a maximum of four hours. Mr. Ostrowski argues that because his deposition lasted four hours and thirty-one minutes, the court should reduce the taxable amount for his deposition by 11.4 percent. He doesn't cite any authority to support his proposition that the costs for the deposition should be reduced on a pro-rata basis if a deposition exceeds the agreed-upon time limit. Further, Mr. Ostrowski's counsel says that when he realized that the Lake County defendants wouldn't conclude their deposition within four hours, he "reminded them of this time limit while simultaneously indicating he did not intend to unreasonably hinder the County's questioning of Mr. Ostrowski." If Mr. Ostrowski's counsel thought that the thirty-minute overage was unreasonable, he could have objected at any time. The costs for the full length of Mr. Ostrowski's deposition are reasonable.

### 3. Staying Award of Costs

Finally, Mr. Ostrowski asks the court to stay its award of costs until his pending appeal in this case is resolved. He doesn't cite any grounds upon which the court should reconsider its May 6 order denying his request for the court to stay its decisions on costs and attorneys' fees until after his appeal has been resolved. Accordingly, the court denies his request.

III. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART the defendants' motion for attorneys' fees [Doc. No. 72] and APPROVES attorneys' fees in the amount of $221,577.25. The court OVERRULES Mr. Ostrowski's objections to the defendants' bill of costs [Doc. No. 77] and GRANTS $4,487.08 in costs to the defendants.

SO ORDERED.

ENTERED:   August 4, 2021


    /s/ Robert L. Miller, Jr.
Judge, United States District Court