UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS OSTROWSKI ) | |
| ) | |
| *Plaintiff* ) | |
| ) | CAUSE NO. 2:18-CV-423 RLM |
| v. ) | |
| ) | |
| LAKE COUNTY, INDIANA, et al., ) | |
| ) | |
| *Defendants* ) | |

ORDER

Mr. Ostrowski brought this suit against Lake County, Indiana, the Lake County Sheriff, the Lake County Treasurer, and the Pension Committee of the Lake County Sheriff. Mr. Ostrowski claimed that the defendants violated the Equal Protection Clause of the 14th Amendment, Title I of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Indiana Code § 36-8-10-15 by providing annual cost of living adjustments to former employees who received regular monthly benefits, but not providing adjustments to former employees who received monthly disability benefits, like him. The court granted summary judgment in favor of the defendants because Mr. Ostrowski had waived these claims in a settlement agreement that arose out of a separate lawsuit with Lake County and other defendants. [Doc. No. 58]. After judgment was entered, Lake County defendants petitioned the court for attorneys' fees totaling $295,437 and costs totaling $4,487.08, and Mr. Ostrowski disputed the claimed attorneys' fees and objected to the bill of costs. The court granted defendants

reduced attorneys' fees, totaling $221,577.25, and costs, totaling $4,487.08. [Doc. No. 81].

Mr. Ostrowski filed a notice of appeal of the court's entry of summary judgment in the defendants' favor, [Doc. No. 63], as well as the court's order granting attorneys' fees and costs. [Doc. No. 85]. Mr. Ostrowski then moved to appeal in forma pauperis. [Doc. No. 86]. Pursuant to Fed. R. App. P. 24(a)(1)(C), Mr. Ostrowski filed an affidavit in support of his motion that detailed any issues on appeal. [Doc. No. 86]. His issue on appeal whether Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), prohibits a district court from relying on a settlement agreement to decide whether a party waived all claims, as the court did in his case.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal in forma pauperis unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). In Kokkonen, the Court didn't hold that district courts lack subject-matter jurisdiction over waiver agreements that are relevant to claims in front of the court; rather, the Court held that when parties settle and dismiss a case, and one party later brings an action for breach of the settlement agreement, the district court doesn't automatically have jurisdiction over the breach-of-contract claim by virtue of its jurisdiction over the dismissed claims. Kokkonen v. Guardian Life, 511 U.S. at 381. The party making the breach-of-contract claim

must show that the district court has subject-matter-jurisdiction independent of the older dismissed case. Id. This case doesn't prohibit a party from presenting a waiver agreement to the court as an affirmative defense. Because no reasonable person could find that Mr. Ostrowski's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied. Accordingly, the court DENIES Mr. Ostrowski's motion for leave to appeal in forma pauperis. [Doc. No. 86].

SO ORDERED.

ENTERED: September 8, 2021

/s/ Robert L. Miller, Jr.
Judge, United States District Court